UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PATRICK FUSARI

   Plaintiff,

v.

VANTIUM CAPITAL INC., D/B/A STRATEGIC RECOVERY GROUP, a Delaware corporation

   Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, PATRICK FUSARI, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, VANTIUM CAPITAL INC., D/B/A STRATEGIC RECOVERY GROUP, hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a Delaware corporation whose transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff, Patrick Fusari is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, Vantium Capital Inc., d/b/a Strategic Recovery Group, is a PLANTATION 33324, and has its principal place of business in Idaho Falls, Idaho where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

6. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

7. Plaintiff, is alleged to have incurred a financial obligation to Bank of America. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

8. On January 24, 2013 , Defendant sent Plaintiff a collection notice.

9. The notice was prepared and given by the Defendant.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.
## (OVERSHADOWING VALIDATION NOTICE)

10. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 9, herein.

11. Defendant violated §1692g by failing to disclose or overshadowing and/or contradicting validation and dispute rights in its January 24, 2013 letter to the Plaintiff.

12. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

13. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.
## (ATTEMPTING TO COLLECT A DEBT DISCHARGED IN BANKRUPTCY)

14. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 9,

herein.

15. Defendant violated §1692e2(a), §1692e2(b) and §1692e(5) by atetmpting to collect on a debt that was discharged in bankruptcy.

16. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

17. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.
## (USING A NAME OTHER THAN THE COLLECTORS LEGAL NAME TO COLLECT A DEBT)

18. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 9, herein.

19. Defendant violated §1692e(14) by using a name other than the true name of collector.

20. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

21. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as

well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

22. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 20, 2013

MILITZOK & LEVY, P.A.
Attorneys for Plaintiffs
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok, Esq.
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842